IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CIGNAL.IO, LTD, an Israel limited liability company,

    Plaintiff,

v.

DIGITAL CONSULTING INC. D/B/A EPIPHANY AUTOMATED INTELLIGENCE A/K/A EPIPHANY AI, a Colorado Corporation,

    Defendant.

## COMPLAINT

For its Complaint against Defendant Digital Consulting Inc. d/b/a Epiphany Automated Intelligence a/k/a Epiphany AI, a Colorado Corporation, ("Epiphany"), Plaintiff Cignal.io, Ltd. ("Cignal") alleges as follows.

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Cignal is a private limited liability company organized under the laws of Israel. As outlined in this Complaint, Cignal transacts business within the State of Colorado, and Plaintiff's claims arise directly from these transactions.

2. Defendant Epiphany is a Colorado corporation, with its principal place of business at 3461 Ringsby Court, #245, Denver, Colorado 80216.

3. This Court has original jurisdiction over the action under 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Epiphany because Epiphany transacts business within the State of Colorado.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because Epiphany transacts business in the District of Colorado.

## II.   GENERAL ALLEGATIONS

6. Cignal is a publisher and supplier of online automated video advertising and marketing services.

7. Cignal and Epiphany executed an Insertion Order on or about March 30, 2017, that incorporated Terms and Conditions (collectively the "Agreement"). The Agreement is attached as Exhibit A.

8. Pursuant to the Agreement, Cignal agreed to provide Epiphany with automated video advertising services and to provide invoices for services rendered, and in exchange Epiphany agreed to pay those amounts due and owing as contained on the invoices.

9. In accordance with the Agreement, Cignal provided such services and has invoiced Epiphany for those services. Epiphany, however, has refused to pay for those services.

10. Although Epiphany has not disputed any of the amounts invoiced or objected to any of the services provided to it, Epiphany has failed and refused to pay the sum of $599,418.36 representing the total amounts due and owing under the following invoices: Invoice

Nos. 505015, 10016, 10194, 10246, 10370, and 10492, (the "Invoices"). Copies of the Invoices are attached as Exhibit B.

11. Cignal has notified Epiphany that its failure to pay certain Invoices in full was a default under, and a material breach of, the Agreement.

12. Epiphany has failed and refused to pay the amounts due and owing. As a result, Epiphany owes Cignal $599,418.36 plus interest on any unpaid balances at an agreed contractual rate of two percent (2%) per month.

## COUNT ONE
### (Breach of Contract)

13. Cignal incorporates by reference paragraphs 1 through 12.

14. Epiphany is in default of and has materially breached the Agreement as described above.

15. Epiphany's acts or omissions constitute breach of contract.

16. As a result of Epiphany's breaches, Cignal has been damaged in an amount in excess of $599,418.36.

## COUNT TWO
### (Unjust Enrichment)

17. Cignal incorporates by reference paragraphs 1 through 16.

18. Epiphany has received a substantial benefit at Cignal's expense as described above.

19. Epiphany received and accepted this substantial benefit under circumstances that would make it unjust or inequitable for the benefit to be retained by Epiphany and without payment of its value.

20. Epiphany has been unjustly enriched, and Cignal has been damaged, in an amount in excess of $599,418.36.

**COUNT THREE**
**(Account Stated)**

21. Cignal incorporates by reference paragraphs 1 through 20.

22. Cignal provided to Epiphany the Invoices in accordance with the Agreement.

23. The Invoices have been examined and accepted by the parties.

24. The Invoices, and the balances due and owing as reflected in them, are correct.

25. Epiphany has not disputed, and has admitted, that it is liable to Cignal for the balances due and owing as stated in the Invoices.

26. The parties agree that Epiphany is liable to and owes Cignal the balances due and owing as stated in the Invoices.

27. Epiphany owes Cignal $599,418.36 on the Invoices.

**COUNT FOUR**
**(Promissory Estoppel)**

28. Cignal incorporates by reference paragraphs 1 through 27.

29. Epiphany made promises to Cignal as described above.

30. Epiphany should reasonably have expected that its promises would induce action by Cignal.

31. To its detriment, Cignal reasonably relied on the promises made by Epiphany.

32. The promises Epiphany made to Cignal must be enforced to prevent injustice.

33. As a result of Epiphany's failure to perform on their promises, Cignal has been damaged in an amount in excess of $599,418.36, plus continuing interest on any unpaid balances at the agreed rate of two percent (2%) per month.

### FIFTH CLAIM FOR RELIEF
### (Conversion)

34. Cignal incorporates by reference paragraphs 1 through 33.

35. Epiphany willfully and knowingly obtained or exercised control over Cignal's personal property, namely services Cignal rendered and for which Epiphany has failed and refused to pay.

36. Epiphany's actions were taken with the intent to deprive Cignal of the use, possession, and benefit of that property.

37. Epiphany's actions have caused and will continue to cause Cignal real, immediate, and irreparable injury. These actions have caused and will cause damages to Cignal in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### (Civil Theft, C.R.S. § 18-4-405)

38. Cignal incorporates by reference paragraphs 1 through 37.

39. Epiphany knowingly obtained or exercised control over Cignal's property, namely the services rendered to Epiphany and for which Epiphany has failed and refused, without authorization, to pay and continues to do so.

40. Epiphany intended and intends to permanently deprive Cignal of the use and benefit of said property.

41. Epiphany retained said property in such a manner as to permanently deprive Cignal of the use and benefit of the property.

42. Epiphany's actions have caused and will cause damages to Cignal in an amount to be determined at trial.

43. Further, Epiphany's actions were and are attended by circumstances of bad faith, fraud, malice, or willful and wanton conduct, entitling Cignal to an award of treble damages, costs, and attorneys' fees.

WHEREFORE, Plaintiff Cignal, Inc. prays for a judgment against Defendant Epiphany as follows:

A. Compensatory damages in the amounts as specified in the Complaint;

B. Treble damages;

B. Pre-judgment and post-judgment interest;

C. Attorneys' fees and costs; and

D. Such other or further relief this Court deems proper.

Dated: July 9, 2018

                                                    *s/ Ericka Houck Englert*
Ericka Houck Englert
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: ericka.englert@dgslaw.com

*Attorneys for Plaintiff Cignal.io, Ltd.*

<u>Plaintiff's Address</u>:
13th Shoken St.
Tel-Aviv, 6653201, Israel